IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOWER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00685 |
| | § | |
| AMCAP MORTGAGE, LTD. | § | |
| JASON OZMENT, RON HANKINS, | § | |
| NATALIE BOYD and KRISTIN | § | |
| MASTRORILLI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AMCAP MORTGAGE, LTD. ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant AmCap Mortgage, Ltd. ("Defendant" or "AmCap") and respectfully files this Original Answer, Affirmative Defenses, Counterclaim, and Jury Demand. In support of this pleading, Defendant would respectfully show as follows:

## I.
## ADMISSIONS AND DENIALS

1.      AmCap denies each and every allegation and assertion made by Plaintiff in its unnumbered section captioned "Nature of the Case."

2.      AmCap admits that Lower, LLC is a limited liability company as stated in Paragraph 1 of Plaintiff's Complaint. AmCap lacks sufficient information to admit or deny the balance of statements made in Paragraph 1.

3.      AmCap denies that it is a "limited company" with its principal place of business located in Dallas as stated in Paragraph 2 of the Complaint. AmCap admits that Mr. Ozment is a

branch manager for AmCap.  AmCap denies the remaining allegations as stated in Paragraph 2 of the Complaint.

4. AmCap admits that Jason Ozment is a Texas citizen as stated in Paragraph 3 of the Complaint.  AmCap is uncertain what Plaintiff means by "sudden coordinated departure" as stated in Paragraph 3 and objects to this language as vague and ambiguous.  AmCap denies that it "coordinated" any departure.

5. AmCap admits that Ron Hankins is a Texas citizen as stated in Paragraph 4 of the Complaint.  AmCap lacks sufficient information to admit or deny the remaining statements in this Paragraph.

6. AmCap admits that Natalie Boyd is a Texas citizen as stated in Paragraph 5 of the Complaint.  AmCap lacks sufficient information to admit or deny the remaining statements in this Paragraph.

7. AmCap admits that Kristin Mastrorilli is a Florida citizen as stated in Paragraph 6 of the Complaint.  AmCap lacks sufficient information to admit or deny the remaining statements in this Paragraph.

## JURISDICTION AND VENUE

8. AmCap admits that this honorable Court has jurisdiction over AmCap as stated in Paragraph 7 of the Complaint.  AmCap denies the remaining statements asserted in Paragraph 7.

9. AmCap admits that this Court has jurisdiction over Jason Ozment as stated in Paragraph 8 of the Complaint.  AmCap has insufficient information to either admit or deny the balance of the allegations found in Paragraph 8.

10. AmCap has insufficient information to either admit or deny the allegations found in Paragraph 9 of the Complaint.

11.     AmCap admits that this Court has jurisdiction based upon 28 U.S.C. §1332 (diversity of citizenship).

12.     AmCap admits that venue is proper in this judicial district pursuant to 28 U.S.C. §1391.  AmCap denies the remaining allegations contained in Paragraph 11 of the Complaint.

## FACTS

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 12 of Plaintiff's Complaint.  FRCP 8(b)(5).

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 13 of Plaintiff's Complaint.  FRCP 8(b)(5).

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 14 of Plaintiff's Complaint.  FRCP 8(b)(5).

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 15 of Plaintiff's Complaint.  FRCP 8(b)(5).

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 16 of Plaintiff's Complaint.  FRCP 8(b)(5).

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 17 of Plaintiff's Complaint.  FRCP 8(b)(5).

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 18 of Plaintiff's Complaint.  FRCP 8(b)(5).

20.     Paragraph 19 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, all allegations in this Paragraph are denied.

21.     Paragraph 20 of the Complaint states legal conclusions to which no response is required.  To the extend a response is required, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the facts as stated in Paragraph 20 of Plaintiff's Complaint. FRCP 8(b)(5).

22. Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extend a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 21 of Plaintiff's Complaint. FRCP 8(b)(5).

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 22 of Plaintiff's Complaint. FRCP 8(b)(5).

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 23 of Plaintiff's Complaint. FRCP 8(b)(5).

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 24 of Plaintiff's Complaint. FRCP 8(b)(5).

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 25 of Plaintiff's Complaint. FRCP 8(b)(5).

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 26 of Plaintiff's Complaint. FRCP 8(b)(5).

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 27 of Plaintiff's Complaint. FRCP 8(b)(5).

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 28 of Plaintiff's Complaint. FRCP 8(b)(5).

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 29 of Plaintiff's Complaint. FRCP 8(b)(5).

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 30 of Plaintiff's Complaint.  FRCP 8(b)(5).

32. AmCap denies the allegations asserted in Paragraph 31 of the Complaint.

33. AmCap denies the allegations asserted in Paragraph 32 of the Complaint other than the fact that Jason Ozment was a Branch Manager with Lower.

34. AmCap denies the allegations asserted in Paragraph 33 of the Complaint other than the fact that the fact that OZ Lending was working out of an office in Plano, Texas.

35. AmCap denies the allegations asserted in Paragraph 34 of the Complaint other than the fact that the fact that OZ Lending was working out of an office in Plano, Texas and OZ Lending's possible assumption of that lease was being negotiated.

36. AmCap denies the allegations asserted in Paragraph 35 of the Complaint.

37. AmCap denies the allegations asserted in Paragraph 36 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 37 of Plaintiff's Complaint.  FRCP 8(b)(5).

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 38 of Plaintiff's Complaint.  FRCP 8(b)(5).

40. Paragraph 39 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, denied.

41. AmCap denies the allegations asserted in Paragraph 40 of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 41 of Plaintiff's Complaint.  FRCP 8(b)(5).

43. AmCap denies the allegations asserted in Paragraph 42 (a)-(e) of the Complaint.

44. AmCap denies the allegations asserted in Paragraph 43 (i)-(iii) of the Complaint.

45. AmCap denies the allegations asserted in Paragraph 44 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 45 of Plaintiff's Complaint.  FRCP 8(b)(5).

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 46 of Plaintiff's Complaint.  FRCP 8(b)(5).

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 47 of Plaintiff's Complaint.  FRCP 8(b)(5).

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 48 of Plaintiff's Complaint.  FRCP 8(b)(5).

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 49 of Plaintiff's Complaint.  FRCP 8(b)(5).

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 50 of Plaintiff's Complaint.  FRCP 8(b)(5).

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 51 of Plaintiff's Complaint.  FRCP 8(b)(5).

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 52 of Plaintiff's Complaint.  FRCP 8(b)(5).

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 53 of Plaintiff's Complaint.  FRCP 8(b)(5).

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 54 of Plaintiff's Complaint.  FRCP 8(b)(5).

56. Paragraph 55 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, it is denied.

23849571.1

## COUNT 1 – PERMANENT INJUNCTIVE RELIEF

57. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-56 above.

58. Paragraph 57 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

59. Paragraph 58 (a) – (e) of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

60. Paragraph 59 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

61. Paragraph 60 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

62. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

63. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

64. Paragraph 63 (a) – (f) of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT II - BREACH OF FIDUCIARY DUTY

65. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-64 above.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 65 of Plaintiff's Complaint. FRCP 8(b)(5).

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 66 of Plaintiff's Complaint. FRCP 8(b)(5).

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 67 of Plaintiff's Complaint. FRCP 8(b)(5).

69. Defendant denies the allegations as set forth in Paragraph 68 of the Complaint other than admitting that Mr. Ozment would accept employment with AmCap. All other allegations asserted in Paragraph 68 are denied.

70. AmCap denies the allegations as stated in Paragraph 69 of the Complaint.

71. AmCap denies the allegations as stated in Paragraph 70 of the Complaint.

72. Paragraph 71 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

73. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

74. Paragraph 73 of the Complaint is denied.

75. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

76. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

77. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

### COUNT III – CONSPIRACY TO BREACH FIDUCIARY DUTY

78. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-77 above.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 78 of Plaintiff's Complaint.  FRCP 8(b)(5).

80. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 79 (i)-(iii) of Plaintiff's Complaint.  FRCP 8(b)(5).

81. AmCap denies the allegations set forth in Paragraph 80 of the Complaint.

82. AmCap denies the allegations set forth in Paragraph 81 of the Complaint.

83. AmCap denies the allegations set forth in Paragraph 82 of the Complaint.

84. AmCap denies the allegations set forth in Paragraph 83 of the Complaint.

85. Paragraph 84 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, it is denied.

86. Paragraph 85 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, it is denied.

87. AmCap denies the allegations set forth in Paragraph 86 of the Complaint.

88. AmCap denies the allegations set forth in Paragraph 87 of the Complaint.

89. AmCap denies the allegations set forth in Paragraph 88 of the Complaint.

90. Paragraph 89 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, it is denied.

91. AmCap denies that Lower is entitled to the relief set forth in Paragraph 90 of the Complaint.

92. AmCap denies that Lower is entitled to the relief set forth in Paragraph 91 of the Complaint.

23849571.1

## COUNT IV – TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CONTRACTUAL RELATIONSHIPS

93. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-92 above.

94. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 93 of Plaintiff's Complaint. FRCP 8(b)(5).

95. AmCap denies the allegations set forth in Paragraph 94 of the Complaint.

96. AmCap denies the allegations set forth in Paragraph 95 of the Complaint.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 96 of Plaintiff's Complaint. FRCP 8(b)(5).

98. AmCap denies the allegations as set forth in Paragraph 97 of the Complaint.

99. AmCap denies the allegations concerning tortious interference as set forth in Paragraph 98 of the Complaint.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 99 of Plaintiff's Complaint. FRCP 8(b)(5).

101. AmCap denies the allegations as set forth in Paragraph 100 of the Complaint.

102. AmCap denies the allegations as set forth in Paragraph 101 of the Complaint.

103. Paragraph 102 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

104. Paragraph 103 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT V – TRESPASS

105. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-104 above.

106. AmCap admits the statements made in Paragraph 105 of the Complaint.

107. AmCap admits the statements made in Paragraph 106 of the Complaint.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 107 Plaintiff's Complaint. FRCP 8(b)(5).

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 108 Plaintiff's Complaint. FRCP 8(b)(5).

110. AmCap denies the statements made in Paragraph 109 of the Complaint.

111. AmCap denies the statements made in Paragraph 110 of the Complaint.

112. Paragraph 111 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT VI- UNJUST ENRICHMENT

113. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-112 above.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 113 Plaintiff's Complaint. FRCP 8(b)(5).

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 114 Plaintiff's Complaint. FRCP 8(b)(5).

116. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 115 Plaintiff's Complaint. FRCP 8(b)(5).

117. Defendant denies the allegations asserted in Paragraph 116 of the Complaint other than and limited to AmCap and Mr. Ozment negotiating for Mr. Ozment to engage in employment with AmCap.

118. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 117 Plaintiff's Complaint. FRCP 8(b)(5).

119. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 118 Plaintiff's Complaint. FRCP 8(b)(5).

120. The factual statements in Paragraph 119 denied.

121. Defendant denies the allegations asserted in Paragraph 120 (1)-(3).

122. Defendant denies the allegations asserted in Paragraph 121.

123. Defendant denies the allegations asserted in Paragraph 122.

124. Paragraph 123 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

125. Paragraph 124 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

126. Paragraph 125 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

127. AmCap admits that Plaintiff is requesting the return of stolen property as stated in Paragraph 126 of the Complaint, but denies that AmCap is in possession of any such stolen property. AmCap specifically has requested that Lower identify what property may have been taken during the transition of Ozment to AmCap. Lower has refused to identify any specific property.

128. Paragraph 127 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, it is denied.

23849571.1

## COUNT VII – FRAUD

129. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-128 above.

130. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 129 (a) – (b) Plaintiff's Complaint. FRCP 8(b)(5).

131. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 130 Plaintiff's Complaint. FRCP 8(b)(5).

132. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 131 Plaintiff's Complaint. FRCP 8(b)(5).

133. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 132 Plaintiff's Complaint. FRCP 8(b)(5).

134. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 133 Plaintiff's Complaint. FRCP 8(b)(5).

135. Paragraph 134 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 134 Plaintiff's Complaint. FRCP 8(b)(5).

136. Paragraph 135 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 135 Plaintiff's Complaint. FRCP 8(b)(5).

137. Paragraph 136 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the facts as stated in Paragraph 136 Plaintiff's Complaint.  FRCP 8(b)(5).

## COUNT VIII – CONSPIRACY TO COMMIT FRAUD

138. AmCap reincorporates by reference all admissions and denials asserted in Paragraphs 1-137 above.

139. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 138 (a) –(b) Plaintiff's Complaint.  FRCP 8(b)(5).

140. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 139 Plaintiff's Complaint.  FRCP 8(b)(5).

141. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 140 Plaintiff's Complaint.  FRCP 8(b)(5).

142. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 141 Plaintiff's Complaint.  FRCP 8(b)(5).

143. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 142 Plaintiff's Complaint.  FRCP 8(b)(5).

144. Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 143 Plaintiff's Complaint.  FRCP 8(b)(5).

145. Paragraph 144 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the facts as stated in Paragraph 144 Plaintiff's Complaint.  FRCP 8(b)(5).

146. Paragraph 145 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the facts as stated in Paragraph 145 Plaintiff's Complaint. FRCP 8(b)(5).

147. AmCap denies that Plaintiff is entitled to any of the relief sought in its "Prayer for Relief" at Paragraphs 1 -5.

## II.
## AFFIRMATIVE DEFENSES

148. Pursuant to Fed. R. Civ. P. 8(c), AmCap asserts the following affirmative defenses:

(a) **Waiver and Estoppel.** This is an employment dispute between Jason Ozment and several of his employees and their former employer Lower, LLC. As Lower admits, all employment disputes are subject to an arbitration agreement. This dispute should have been brought in arbitration and AmCap consents as a non-party to the arbitration agreement to participate. Lower, LLC should be estopped from taking any other position other than the arbitrability of this dispute.

(b) **Payment, accord, and satisfaction.** AmCap, Ozment and Lower have previously negotiated the issues of the Plano lease, sign on bonuses, and certain loan files. Payment has been paid for the sign on bonuses and loan files. No agreement could be reached on assumption of the lease. Plaintiff's claims are barred by payment, accord, and satisfaction.

(c) **No Conspiracy.** AmCap pleads that there was no conspiracy or meeting of the minds to commit an underlying tort as required by law. *First United Pentecostal Church of Beaumont v. Parker,* 514 S.W.3d 214 (Tex. 2017); *Agar Corporation, Inc. v. Electro Circuits International, LLC,* 580 S.W.3d 136, 141-142 (Tex. 2019).

## III.
## COUNTERCLAIM

149. AmCap Mortgage, Ltd. brings this counterclaim for attorney's fees under Federal Rule of Civil Procedure Rule 11 because this action was brought in bad faith, brought for improper purposes, and brought for purposes of harassment.

150. Counter-Plaintiff is AmCap Mortgage, Ltd.

151. Counter-Defendant is Lower, LLC. Service of this counterclaim is effectuated through the electronic filing system on Lower, LLC's counsel of record, Stephen D. Henninger, John F. Roehm, III, Fanning Harper Martinson Brandt & Kutchin, 8140 Walnut Hill Lane, Suite 200, Dallas, Texas 75231 and Sanna-Rae Taylor, and Julian P. Johnson, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

152. This Court has jurisdiction over these counterclaims based upon 28 U.S.C. §1332. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events forming the factual basis of this lawsuit occurred in Collin County, Texas.

153. This dispute is no different than the pre-litigation dispute between Lower, LLC, AmCap Mortgage, Ltd. and Jason Ozment. Prior to this lawsuit, Lower, LLC made vague and nebulous demands that AmCap and Ozment stole property belonging to Lower, LLC, failed to repay sign on bonuses, stole Lower employees and confidential information.

154. AmCap and Ozment requested information on what property was allegedly stolen and Lower, LLC could never identify such property. All employees of OZ Lending were direct employees of OZ Lending and no employees were poached from Lower. OZ Lending had its own customers and confidential information and misappropriated none of Lower's customers or confidential information. When OZ Lending first entered the Plano office, the office was largely bare walls. All furniture and equipment (with the exception of the copier) were the property of

OZ Lending. OZ Lending left the copier when it vacated the office and as such, Defendant has no idea of what is claimed to have been stolen.

155. Taking the proverbial "high road" OZ Lending and AmCap repaid the sign on bonuses of Jason Ozment and another employee which Lower, LLC never identified or demanded repayment. AmCap and OZ Lending paid Lower, LLC for two loan files that were in dispute. In accord and satisfaction, AmCap and Jason Ozment d/b/a OZ Lending made sure to resolve every possible disputed issue to make the transition as smooth as possible. AmCap and OZ Lending were also in discussions with Dan Macy of Lower, LLC regarding the possible assumption of Lower's lease on the Plano office, but Macy's overreach during the negotiations led to OZ Lending vacating the Plano office and seeking a new office space. OZ Lending vacated the Plano office immediately upon the breakdown of discussions on the lease and the instruction by Lower, LLC to do so.

156. This lawsuit is brought in retaliation for AmCap's and OZ Lending's decision not to assume the Plano lease. Pursuant to FRCP 11 this lawsuit was brought in bad faith and for purposes of harassment. AmCap and Jason Ozment d/b/a OZ Lending advised Lower, LLC in writing that any attempt to sue over this would result in counterclaims for a frivolous and groundless lawsuit. *See December 12, 2022 letter from Gary Pate to David Stein attached hereto as Exhibit A.*

157. Based upon FRCP 11, AmCap seeks recovery of its reasonable and necessary attorney's fees and costs. *Rohrmoos Venture v. UTSA DVA Healthcare LLP*, 578 S.W.3d 469, 483 (Tex. 2019).

## IV.
## JURY DEMAND

AmCap hereby demands a jury on all issues asserted in this litigation and pays the appropriate jury fee.

## V.
## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Defendant/ Counter-Plaintiff AmCap Mortgage, Ltd. respectfully prays that the Court would enter judgment in favor of Defendant/ Counter-Plaintiff and award AmCap with its reasonable and necessary attorney's fees and costs incurred in this lawsuit.  Defendant/ Counter-Plaintiff AmCap Mortgage, Ltd. prays for all further relief to which it may show itself justly entitled to receive at law or equity.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

*/s/ Tarush R. Anand*
Gary L. Pate
Texas Bar No. 24029763
Marilyn S. Cayce
Texas Bar No. 17705500
Tarush R. Anand
Texas Bar No. 24055103
1001 McKinney, Suite 1500
Houston, Texas 77002

Tel: 713-520-1900
Fax: 713-520-1025
gpate@mcglinchey.com
mcayce@mcglinchey.com
tanand@mcglinchey.com

**ATTORNEY FOR DEFENDANT/ COUNTER-PLAINTIFF AMCAP MORTGAGE, LTD.**

18

23849571.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, a true and correct copy of this instrument was served on all counsel of record:

*Via Email and/or Eservice:*

Stephen D. Henninger
shenninger@fhmbk.com
John F. Roehm, III
jroehm@fhmbk.com
Fanning Harper Martinson Brandt & Kutchin
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231

Sanna-Rae Taylor
srtaylor@taftlaw.com
Julian P. Johnson
jjohnson@taftlaw.com
 Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

                                                                              */s/ Tarush R. Anand*
                                                                              Tarush R. Anand

23849571.1