IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOWER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00685 |
| | § | |
| AMCAP MORTGAGE, LTD. | § | |
| JASON OZMENT, RON HANKINS, | § | |
| NATALIE BOYD and KRISTIN | § | |
| MASTRORILLI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT JASON OZMENT'S ORIGINAL ANSWER**
**<u>SUBJECT TO HIS MOTION TO COMPEL ARBITRATION</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Jason Ozment ("Defendant" or "Ozment") and, subject to his

Motion to Compel Arbitration, respectfully files this his Original Answer and, in support,

respectfully shows the Court as follows:

**<u>DEFENDANT'S ANSWER</u>**

Subject to his Motion to Compel Arbitration and the affirmative and other defenses asserted

herein, and reserving his right to assert additional defenses and/or amend his Answer as additional

facts are discovered during this lawsuit, Ozment pleads as follows to the allegations contained in

Plaintiff's Original Complaint.[1]

---

[1] Because Ozment executed an Arbitration Agreement as part of his Employment Agreements and it requires that all employment related claims be submitted to arbitration and because Plaintiff has submitted its Demand for Arbitration with JAMS, Ozment's counterclaims will be asserted in the JAMS proceeding as that is the proper jurisdiction/venue for those claims.

## NATURE OF THE ACTION

1.      Ozment denies the allegations contained in Plaintiff's unnumbered section captioned "Nature of the Action."

## PARTIES

2.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Original Complaint.

3.      Ozment is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 2 of Plaintiff's Original Complaint. Ozment admits that he is employed as a branch manager for AmCap but denies the remaining allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

4.      Ozment admits that he is a Texas citizen as stated in the first sentence of Paragraph 3 of Plaintiff's Original Complaint.  Ozment admits he was employed by Lower but denies the remaining allegations contained in the second sentence of Paragraph 3 of Plaintiff's Original Complaint.

5.      Ozment admits the allegations contained in Paragraph 4 of Plaintiff's Original Complaint.

6.      Ozment admits that Natalie Boyd is a Texas citizen as stated in the first sentence of Paragraph 5 of Plaintiff's Original Complaint.  Ozment admits that Lower employed Ms. Boyd but denies the remaining allegations contained in the second sentence of Paragraph 5 of Plaintiff's Original Complaint.

7.      Ozment admits that Kristen Mastrorilli is a Florida citizen as stated in the first sentence of Paragraph 6 of Plaintiff's Original Complaint.  Ozment admits Lower employed Ms.

Mastrorilli and that she was a loan processor who worked with Ozment but denies the remaining allegations contained in the second sentence of Paragraph 6 of Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

8.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

9.      Ozment denies that this Court has jurisdiction over him as stated in Paragraph 8 of Plaintiff's Original Complaint but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

10.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

11.      Ozment denies the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

12.      Ozment denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

## FACTS

13.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

14.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Original Complaint.

15.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

16.      Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

17. Ozment admits that he executed the Branch Manager, VP Employment Agreements referenced in Paragraph 16 of Plaintiff's Original Complaint; however, Ozment is without sufficient information to admit or deny the alleged reasons why Plaintiff enters into such agreements. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provisions of the Agreements referenced in Paragraph 16 of Plaintiff's Original Complaint, Ozment denies any such allegations.

18. With respect to Paragraph 17 of Plaintiff's Original Complaint, Ozment denies that Plaintiff has accurately or completely quoted from provisions referenced in Paragraph 17 of Plaintiff's Original Complaint. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provisions of the Agreements referenced in Paragraph 17 of Plaintiff's Original Complaint, Ozment denies any such allegations.

19. With respect to Paragraph 18 of Plaintiff's Original Complaint, Ozment denies that Plaintiff has accurately or completely quoted from provisions referenced in Paragraph 18 of Plaintiff's Original Complaint. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provisions of the Agreements referenced in Paragraph 18 of Plaintiff's Original Complaint, Ozment denies any such allegations.

20. Paragraph 19 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

21. Paragraph 20 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

22. Paragraph 21 of Plaintiff's Original Complaint states legal conclusions to which no

responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

23. With respect to Paragraph 22 of Plaintiff's Original Complaint, Ozment denies that Plaintiff has accurately or completely quoted from the provision referenced in Paragraph 22 of Plaintiff's Original Complaint. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provision of the Agreements referenced in Paragraph 22 of Plaintiff's Original Complaint, Ozment denies any such allegations.

24. With respect to Paragraph 23 of Plaintiff's Original Complaint, Ozment denies that Plaintiff has accurately or completely quoted from provision referenced in Paragraph 23 of Plaintiff's Original Complaint. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provisions of the Agreements referenced in Paragraph 23 of Plaintiff's Original Complaint, Ozment denies any such allegations.

25. With respect to Paragraph 24 of Plaintiff's Original Complaint, Ozment denies that Plaintiff has accurately or completely quoted from provision referenced in Paragraph 24 of Plaintiff's Original Complaint. To the extent Plaintiff is asserting that Ozment breached or otherwise violated the provision of the Agreements referenced in Paragraph 24 of Plaintiff's Original Complaint, Ozment denies any such allegations and also denies that Plaintiff ever sought injunctive relief (including a TRO or TI) at any time between his departure on November 7, 2022 and Plaintiff's filing of Plaintiff's Original Complaint on July 27, 2023 – almost nine months later.

26. Ozment denies the allegations contained in Paragraph 25 of Plaintiff's Original Complaint.

27. Ozment denies the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

28.     Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Original Complaint.

29.     Ozment denies the allegations contained in Paragraph 28 of Plaintiff's Original Complaint.

30.     Ozment denies the allegations contained in Paragraph 29 of Plaintiff's Original Complaint.

31.     Ozment denies the allegations contained in Paragraph 30 of Plaintiff's Original Complaint.

32.     Ozment denies the allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

33.     Ozment denies the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

34.     Ozment denies the allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

35.     Ozment admits the allegations contained in the first two sentences of Paragraph 34 of Plaintiff's Original Complaint. Ozment denies the allegations contained in the third sentence of Paragraph 34 of Plaintiff's Original Complaint.

36.     Ozment denies the allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

37.     Ozment denies the allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

38.     Ozment denies the allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

39. Ozment denies the allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

40. Paragraph 39 of Plaintiff's Original Complaint legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

41. Ozment denies the allegations contained in Paragraph 40 of Plaintiff's Original Complaint.

42. Ozment denies the allegations contained in Paragraph 41 of Plaintiff's Original Complaint.

43. Ozment denies the allegations contained in Paragraph 42 (a)-(e) of Plaintiff's Original Complaint.

44. Ozment denies the allegations contained in Paragraph 43 (i)-(iii) of Plaintiff's Original Complaint.

45. Paragraph 44 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

46. Ozment admits that he requested Plaintiff hire Ron Hankins as asserted in Paragraph 45 of Plaintiff's Original Complaint.

47. Ozment admits that Ron Hankins was responsible for identifying potential customers and working with underwriters as alleged in Paragraph 46 of Plaintiff's Original Complaint; however Ozment denies the remaining allegations asserted in Paragraph 46 of Plaintiff's Original Complaint.

48. Ozment admits the allegations contained in the first sentence of Paragraph 47 of

Plaintiff's Original Complaint. Ozment denies the allegations contained in the second sentence of Paragraph 47 of Plaintiff's Original Complaint.

49. Ozment admits the allegations contained in the first sentence of Paragraph 48 of Plaintiff's Original Complaint. Ozment denies the allegations contained in the second sentence of Paragraph 48 of Plaintiff's Original Complaint.

50. Ozment denies the allegations contained in Paragraph 49 of Plaintiff's Original Complaint.

51. Ozment denies the allegations contained in Paragraph 50 of Plaintiff's Original Complaint.

52. Ozment denies the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

53. Ozment denies the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

54. Ozment denies the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

55. Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

56. Paragraph 55 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT I – PERMANENT INJUNCTIVE RELIEF

57. Ozment admits that Paragraph 56 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

58.     Paragraph 57 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

59.     Paragraph 58 (a) – (e) of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

60.     Paragraph 59 of Plaintiff's Original Complaint states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Ozment denies the allegation.

61.     Paragraph 60 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

62.     Paragraph 61 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

63.     Paragraph 62 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations

64.     Paragraph 63 (a) – (f) of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT II - BREACH OF FIDUCIARY DUTY

65. Ozment admits that Paragraph 64 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

66. Ozment denies the allegations contained in Paragraph 65 of Plaintiff's Original Complaint.

67. Ozment denies the allegations contained in the first sentence of Paragraph 65 of Plaintiff's Original Complaint. The second sentence of Paragraph 65 of Plaintiff's Original Complaint is a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Ozment denies such allegations.

68. Ozment denies the allegations contained in Paragraph 67 of Plaintiff's Original Complaint.

69. Ozment denies the allegations contained in Paragraph 68 of Plaintiff's Original Complaint.

70. Ozment denies the allegations contained in Paragraph 69 of Plaintiff's Original Complaint.

71. Ozment denies the allegations contained in Paragraph 70 of Plaintiff's Original Complaint.

72. Paragraph 71 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

73. Paragraph 72 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

74. Ozment denies the allegations contained in Paragraph 73 of Plaintiff's Original Complaint.

75. Paragraph 74 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

76. Paragraph 75 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

77. Paragraph 76 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT III – CONSPIRACY TO BREACH FIDUCIARY DUTY

78. Ozment admits that Paragraph 77 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

79. Ozment denies the allegations contained in Paragraph 78 of Plaintiff's Original Complaint.

80. Ozment denies the allegations contained in the first sentence of Paragraph 79 of Plaintiff's Original Complaint. The second sentence of Paragraph 79 of Plaintiff's Original Complaint states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Ozment denies such allegations.

81. Paragraph 80 of Plaintiff's Original Complaint states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Ozment denies all such allegations.

82. Ozment denies the allegations contained in Paragraph 81 of Plaintiff's Original Complaint.

83. Ozment denies the allegations contained in Paragraph 82 of Plaintiff's Original Complaint.

84. Ozment denies the allegations contained in Paragraph 83 of Plaintiff's Original Complaint.

85. Paragraph 84 of the Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

86. Paragraph 85 of the Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

87. Ozment denies the allegations contained in Paragraph 86 of Plaintiff's Original Complaint.

88. Paragraph 87 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

89. Paragraph 88 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

90. Paragraph 89 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

91.     Ozment denies that Plaintiff is entitled to the relief requested in Paragraph 90 of Plaintiff's Original Complaint.

92.     Ozment denies that Plaintiff is entitled to the relief requested in Paragraph 91 of Plaintiff's Original Complaint.

## COUNT IV – TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CONTRACTUAL RELATIONSHIPS

93.     Ozment admits that Paragraph 92 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

94.     Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 93 of Plaintiff's Original Complaint.

95.     Ozment denies the allegations contained in Paragraph 94 of Plaintiff's Original Complaint.

96.     Ozment denies the allegations contained in Paragraph 95 of Plaintiff's Original Complaint.

97.     Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Original Complaint.

98.     Ozment denies the allegations contained in Paragraph 97 of Plaintiff's Original Complaint.

99.     Ozment denies the allegations contained in Paragraph 98 of Plaintiff's Original Complaint.

100.     Ozment admits the allegations contained in Paragraph 99 of Plaintiff's Original Complaint.

101.     Ozment denies the allegations contained in Paragraph 100 of Plaintiff's Original Complaint.

102.     Ozment denies the allegations contained in Paragraph 101 of Plaintiff's Original Complaint.

103.     Paragraph 102 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

104.     Paragraph 103 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

### COUNT V – TRESPASS

105.     Ozment admits that Paragraph 104 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

106.     Ozment admits the allegations contained in Paragraph 105 of Plaintiff's Original Complaint.

107.     Ozment admits the allegations contained in Paragraph 106 of Plaintiff's Original Complaint.

108.     Ozment denies the allegations contained in Paragraph 107 Plaintiff's Original Complaint.

109.     Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 108 of Plaintiff's Original Complaint.

110.     Ozment denies the allegations contained in Paragraph 109 of Plaintiff's Original Complaint.

111.     Ozment denies the allegations contained in Paragraph 110 of Plaintiff's Original Complaint.

112.     Paragraph 111 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT VI- UNJUST ENRICHMENT

113.     Ozment admits that Paragraph 112 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

114.     Ozment denies the allegations contained in Paragraph 113 of Plaintiff's Original Complaint.

115.     Ozment denies the allegations contained in Paragraph 114 of Plaintiff's Original Complaint.

116.     Ozment denies the allegations contained in Paragraph 115 of Plaintiff's Original Complaint.

117.     Ozment denies the allegations contained in Paragraph 116 of Plaintiff's Original Complaint.

118.     Ozment denies the allegations contained in Paragraph 117 of Plaintiff's Original Complaint.

119.     Ozment is without sufficient information to admit or deny the allegations contained in Paragraph 118 of Plaintiff's Original Complaint.

120.     Ozment denies the allegations contained in Paragraph 119 of Plaintiff's Original Complaint.

121.     Ozment denies the allegations contained in Paragraph 120 of Plaintiff's Original Complaint.

122.     Ozment denies the allegations contained in Paragraph 121 of Plaintiff's Original

Complaint.

123.    Ozment denies the allegations contained in Paragraph 122 of Plaintiff's Original Complaint.

124.    Paragraph 123 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

125.    Paragraph 124 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

126.    Paragraph 125 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

127.    Ozment admits that Plaintiff has requested the return of stolen property as stated in Paragraph 126 of Plaintiff's Original Complaint, but denies that Ozment is in possession of any such stolen property.  By way of further response, Ozment specifically has requested that Plaintiff identify what property was allegedly taken by Ozment; however, Plaintiff has refused to identify any specific property.

128.    Paragraph 127 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT VII – FRAUD

129.    Ozment admits that Paragraph 128 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

130.     Ozment denies the allegations contained in Paragraph 129 of Plaintiff's Original Complaint.

131.     Ozment denies the allegations contained in Paragraph 130 of Plaintiff's Original Complaint.

132.     Ozment denies the allegations contained in Paragraph 131 of Plaintiff's Original Complaint.

133.     Ozment denies the allegations contained in Paragraph 132 of Plaintiff's Original Complaint.

134.     Ozment denies the allegations contained in Paragraph 133 of Plaintiff's Original Complaint.

135.     Ozment denies the allegations contained in Paragraph 134 of Plaintiff's Original Complaint.

136.     Paragraph 135 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

137.     Paragraph 136 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## COUNT VIII – CONSPIRACY TO COMMIT FRAUD

138.     Ozment admits that Paragraph 137 of Plaintiff's Original Complaint purports to incorporate the foregoing paragraphs of the Original Complaint.

139.     Ozment denies the allegations contained in Paragraph 138 of Plaintiff's Original Complaint.

140. Ozment denies the allegations contained in Paragraph 139 of Plaintiff's Original Complaint.

141. Ozment denies the allegations contained in Paragraph 140 of Plaintiff's Original Complaint.

142. Ozment denies the allegations contained in Paragraph 141 of Plaintiff's Original Complaint.

143. Ozment denies the allegations contained in Paragraph 142 of Plaintiff's Original Complaint.

144. Ozment denies the allegations contained in Paragraph 143 of Plaintiff's Original Complaint.

145. Paragraph 144 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

146. Paragraph 145 of Plaintiff's Original Complaint states legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Ozment denies all such allegations.

## PRAYER FOR RELIEF

147. Ozment denies that Plaintiff is entitled to any of the relief requested or sought in its "Prayer for Relief". Further, Ozment denies any and all remaining allegations contained in Plaintiff's Original Complaint that are not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

148. Without assuming any burden of proof that he would not otherwise have and subject to his Motion to Compel Arbitration, Ozment pleads the following affirmative defenses and

reserves the right to amend this Answer, or any amendment of supplement hereto, to include additional defenses as additional information becomes available.

(a)     Plaintiff fails to state a claim upon which relief can be granted because this lawsuit relates to an employment dispute between Plaintiff and Ozment. As Plaintiff admits, all employment disputes are subject to an arbitration agreement and Plaintiff has filed its Demand for Arbitration with JAMS.  Therefore, this lawsuit should be dismissed.

(b)     Plaintiff's claims are barred, in whole or in part, by payment, accord, and satisfaction.

(c)     Plaintiff's claims are barred, in whole or in part, by its own mistakes and the doctrine of unclean hands.

(d)     Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, promissory estoppel, and/or quasi estoppel.

(e)     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

(f)     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

(g)     Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

(h)     Plaintiff's claims are barred, in whole or in part, by the doctrine of modification.

(i)     Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

(j)     Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

(k)     Plaintiff's claims are barred in whole, or in part, by the doctrine of excuse.

(l)     Plaintiff's claims are barred in whole, or in part, by the doctrine of repudiation.

(m)     Plaintiff's claims are barred in whole, or in part, by the doctrine of discharge.

(n)     Plaintiff's claims are barred in whole, or in part, by Plaintiff's prior material breach.

(o)     Ozment specifically denies that he wrongfully interfered with any of Plaintiff's alleged contracts or relationships. However, to the extent the Court somehow concludes otherwise, any such interference was legally justified and/or privileged.

(p)     Plaintiff's claims are barred, in whole or in part, by its own fraudulent conduct.

(q)     Plaintiff's claims are barred, in whole or in part, by its own negligent and/or fraudulent misrepresentations.

(r)     Plaintiff's claims are barred, in whole or in part, by its own failure to perform its obligations.

(s)     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its damages, if any.

(t)     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative fault, and proportional responsibility.  Plaintiff's own acts or omissions caused or contributed to Plaintiff's injury, if any.

(u)     To the extent Ozment possessed any of Plaintiff's property, if at all, Ozment did so at all times in good faith and with the legal right to such possession.

(v)     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claimed trade secrets and/or confidential and/or proprietary information, if any, were generally known in Plaintiff's industry and were/are not secret.

(w)     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not take reasonable efforts to maintain the secrecy of its claimed trade secrets and/or confidential and/or proprietary information, if any.

(x)     Plaintiff's claims are barred, in whole or in part, because it expressly and/or impliedly consented and/or acquiesced to the disclosure and/or use of its claimed trade secrets

and/or confidential and/or proprietary information, if any, and Plaintiff waived any right to claim otherwise.

(y)    Plaintiff's claims are barred, in whole or in part, by the doctrine of independent development.

(z)    Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

(aa)   Plaintiff's claims are barred, in whole or in part, by the defense of lawful competition.

(bb)   Plaintiff's claims are barred, in whole or in part, by consent and acquiescence.

(cc)   Plaintiff's claims are barred, in whole or in part, by the National Labor Relations Act.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, subject to his Motion to Compel Arbitration, Defendant Jason Ozment respectfully prays that the Court would enter judgment in favor of Ozment and award Ozment his reasonable and necessary attorney's fees and costs incurred in this lawsuit. Defendant Jason Ozment prays for all further relief to which he may show himself justly entitled to receive at law or equity.

Respectfully submitted,

**BLACKWELL, BLACKBURN,
HERRING & SINGER, LLP**

 */s/ Robert Blackwell*
Robert Blackwell  *Lead Attorney*
Texas Bar No. 24001744
Lindsey Reinhardt
Texas Bar No. 24070485
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone:  (214) 442-9602
Facsimile:  (214) 442-9621
Email: bblackwell@bbhsllp.com
Email: lreinhardt@bbhsllp.com

**ATTORNEYS FOR DEFENDANT
JASON OZMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2023, a true and correct copy of the foregoing instrument was served on all counsel of record via ECF service.

 */s/ Robert Blackwell*
Robert Blackwell