IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOWER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00685 |
| | § | |
| AMCAP MORTGAGE, LTD. | § | |
| JASON OZMENT, RON HANKINS, | § | |
| NATALIE BOYD and KRISTIN | § | |
| MASTRORILLI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT JASON OZMENT'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO COMPEL ARBITRATION**

In Reply to Plaintiff's Response to Defendant Jason Ozment's ("Ozment") Motion to Compel Arbitration, Ozment respectfully shows the Court as follows:

**I.     INTRODUCTION**

Plaintiff drafted a broad arbitration agreement which covers "any and all disputes, controversies, claims, or differences between the Employer and Employee that directly or indirectly relate to arise out of Employee's employment with the Employer or out of this Agreement or its breach." Ex. A-1[1], Section 6.7.  Then, instead of complying with the terms of its own agreement, Plaintiff filed this lawsuit in which a simple review of Plaintiff's Complaint demonstrates that all claims asserted against Ozment are based, directly or indirectly, on Ozment's prior employment relationship with Plaintiff. *See* Dkt. 1. By way of example, Plaintiff used the terms "employment," "employee", "employees," and "employed" more than 140 times in the Complaint, and the first two sentences under Nature of Case reference Ozment's former employment with Plaintiff. *Id.*, Nature of Case.

---

[1] Exhibits A-1, A-2, and A-3 refer to the Exhibits to Ozment's Motion to Compel Arbitration, Dkt. 29.

DEFENDANT JASON OZMENT'S REPLY FOR MOTION TO COMPEL ARBITRATION          Page 1

After initiating this lawsuit, Plaintiff filed an arbitration demand on October 5, 2023 asserting several identical causes of action as those asserted in this pending lawsuit.[2] Ex. A-3, Arbitration Demand; Ex. B hereto, Claims Chart. Then, rather than agree to move forward solely with arbitration as required (and agreed by all Defendants), Plaintiff relies on inapplicable cases and engages in a disingenuous parsing of its asserted claims in an absurd effort to convince this Court that it is appropriate to move forward with this lawsuit and the arbitration proceeding simultaneously, providing Plaintiff with parallel paths and "two bites at the apple".

## II. PLAINTIFF'S BURDEN FOR BROAD ARBITRATION CLAUSE

Contrary to Plaintiff's position that the arbitration agreement is limited, it is broad, a position supported by Plaintiff's cases, and every claim asserted against Ozment falls within it directly or indirectly. Plaintiff, as the party resisting arbitration on the claims it asserted against Ozment, has the burden to establish that the claims asserted herein are unsuitable for arbitration.[3] *Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Plaintiff fails to meet this burden and ignores that the very cases Plaintiff cite in its Response state that all doubt as to the scope of an arbitration clause is construed in favor of arbitration and against the drafter, Plaintiff. *Hollinger v. Keybank Nat'l Ass'n*, 9th Dist. Summit No. Civ. A. 22147, 2004-Ohio-7182 (Ohio App. 9th Dist. 2004) ("if a dispute even arguably falls within the arbitration provision, the trial court must stay the proceedings"); *Acad. Of Med. Of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185 (Ohio 2006) ("Arbitration is not limited to claims alleging a breach of contract, and creative pleading of claims as something other than contractual cannot overcome a broad

---

[2] The JAMS Preliminary Arbitration Management Conference is scheduled for November 17, 2023 at 2:00 p.m.

[3] Plaintiff also ignores that the arbitration clause Plaintiff drafted states that "…the arbitrator, and not any federal … court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that it is void or voidable." Ex. A-2, ¶ 5.

arbitration provision."); *Arnold v. Burger King*, 2015-Ohio-4485 (Ohio App. 8th Dist. 2015).

### III. PLAINTIFF'S OWN PLEADING ESTABLISHES PLAINTIFF CANNOT MEET STANDARD

Plaintiff repeatedly admits in its Complaint that each claim against Ozment relates to Ozment's former employment, either directly or indirectly. Dkt. 1, ¶¶ 66, 78, 80 ("while Mr. Ozment worked for Lower"), 117 ("by virtue of Mr. Ozment's position as an employee with Lower"), 105-111[4], 120 (Ozment's access to and alleged removal of Plaintiff's trade secrets, which Ozment only had access to due to his employment), 129-135, 130 ("Mr. Ozment as a Branch Manager was responsible for…"); Dkt. 33, p. 11 ("Under Ohio law, Ozment, *as an employee*, owed a duty of good faith and loyalty to [Plaintiff].").

Additionally, Plaintiff is asserting several *identical* causes of action against Ozment in both the arbitration proceeding and this lawsuit. Ex. A-3; Ex. B, Claims Chart. It is unfathomable for Plaintiff's breach of fiduciary duty, tortious interference, and unjust enrichment causes of action with the same allegations to simultaneously relate to Ozment's former employment with Plaintiff and be arbitrable while also not relate in any way, directly or indirectly, to Ozment's former employment and, according to Plaintiff, not be arbitrable.

Plaintiff also conveniently ignores that the arbitration clause drafted by Plaintiff specifically states that tort claims are subject to arbitration.[5] Ex. A-1, Section 6.7 (arbitrable claims include claims "based on a tort theory of liability"); Ex. A-2, (claims based on "negligence or other tort" are arbitrable); *Hollinger*, 2004-Ohio-7182, *2 (tort claims, including fraud and conspiracy,

---

[4] Plaintiff's trespass claim relates directly or indirectly to Ozment's former employment as Ozment had access to the Premises and was engaged in post-employment subleasing negotiations due to his employment relationship, and it is disingenuous to compare him to a stranger on the street. Additionally, Plaintiff claims that Ohio law applies to all of its claims, including trespass, and the only basis for Ohio law to apply is the choice of law provision in the Employment Agreement. Dkt. 33, p. 5-6. It is illogical for Plaintiff to simultaneously argue that the claims are not related, directly or indirectly, to employment yet Ohio law applies when Ozment and the Premises are in Texas.

are subject to an arbitration clause if the factual allegations fall within the scope); *Duff v. Christopher*, 11th Dist. Lake No. 2021-L-122, 2023-Ohio-349, *4 (Ohio App. 11th Dist. 2021) (torts "can be covered by arbitration clauses 'if the allegations underlying the claims touch matters covered by the agreement.'") (citations omitted). Therefore, it is clear that Plaintiff's tort-based claims fall within the scope of the broad arbitration agreement drafted by Plaintiff.

With respect to Plaintiff's claim for permanent injunctive relief, the arbitration clause at issue permits permanent injunctive relief to be part of the arbitration process and there is no reason to exclude it in this circumstance when it relates directly to Ozment's former employment with Plaintiff. Specifically, while the arbitration agreement states that certain injunctive relief is excluded (likely referring to temporary restraining orders or temporary injunctions parties often seek in employment matters), the arbitration clause continues by stating that the arbitrator can decide and enter injunctive relief. Ex. A-2, ¶ 5 ("…the arbitrator shall have the power to award all legal **and equitable** relief that would be available in court under applicable law.") (emphasis added). As a result, this inconsistency should be construed against Plaintiff – the drafter. Otherwise it is the Plaintiff who is asking the Court to rewrite the arbitration agreement which clearly permits injunctive relief to be awarded by an arbitrator.

Further, the permanent injunctive relief being sought by Plaintiff would only be appropriate *after* the arbitrator decides the merits on the causes of action asserted in the arbitration. *State v. City of Cincinnati Citizen Complaint Authority*, 2019-Ohio-5349, ¶ 20 (Ohio App. 1 Dist., 2019) ("Because the grant of a permanent injunction is not an interim remedy, a court may only issue it after a hearing in which the moving party demonstrated success on the merits of its underlying claim…."); *W. Branch Local School Dist. Bd. of Edn. v. W. Branch Edn. Assn.*, 2015-Ohio 2753, ¶ 15 ("Or in other words, the moving party must prove that he has prevailed on the merits."). The

five (5) matters (plus a catch-all which is not specific enough for injunctive relief) on which Plaintiff is seeking a permanent injunction relate to the causes of action Plaintiff is asserting in the arbitration, including Plaintiff's claims for breach of contract and misappropriation of trade secrets. Dkt. 1, p. 30; Ex. A-3; Ex. B. Therefore, the arbitrator must determine the merits of those causes of action before either the arbitrator or the Court can even consider Plaintiff's request for permanent injunctive relief.

### IV. CONCLUSION

For the reasons set forth in Ozment's Motion and this Reply, Ozment respectfully requests that the Court order all parties and claims to arbitration and dismiss this lawsuit or, alternatively, order all claims against Ozment to arbitration and stay this proceeding against him.

Respectfully submitted,

**BLACKWELL, BLACKBURN, HERRING & SINGER, LLP**

 /s/ Robert Blackwell
Robert Blackwell  *Lead Attorney*
Texas Bar No. 24001744
Lindsey Reinhardt
Texas Bar No. 24070485
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone: (214) 442-9602
Facsimile: (214) 442-9621
Email: bblackwell@bbhsllp.com
Email: lreinhardt@bbhsllp.com

**ATTORNEYS FOR JASON OZMENT**

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2023, a true and correct copy of the foregoing instrument was served on all counsel of record via ECF service.

 /s/ Robert Blackwell
Robert Blackwell