IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOWER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00685 |
| | § | |
| AMCAP MORTGAGE, LTD. | § | |
| JASON OZMENT, RON HANKINS, | § | |
| NATALIE BOYD and KRISTIN | § | |
| MASTRORILLI | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS KRISTEN MASTRORILLI'S AND RON HANKINS' JOINDER IN JASON OZMENT'S MOTION TO COMPEL ARBITRATION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendants Kristen Mastrorilli and Ron Hankins and file this Joinder in Defendant Jason Ozment's Motion to Compel Arbitration [Dkt. 25 and 29]. In support for this Joinder, Defendants would respectfully show the Court as follows:

Jason Ozment, Kristen Mastrorilli and Ron Hankins all have valid and enforceable arbitration agreements with Lower, LLC which Lower, LLC drafted and included in their employment agreements with these individual.[1] See Kristen Mastrorilli's Employment Agreement attached hereto as **Exhibit A** with Exhibit 1 to the Employment Agreement identified as a Mutual Arbitration Agreement. Ron Hankin's Employment Agreement is attached hereto as **Exhibit B** with Exhibit 1 to his Employment Agreement being a Mutual Arbitration Agreement as well.

---

[1] Although I do not represent Natalie Boyd, I am informed that she has an identical arbitration agreement with Lower, LLC.

Plaintiff's allegations are based upon and rely upon the terms of the Employment Agreements that Defendants had with Lower in bringing these assorted claims and allegations against Mastrorilli and Hankins.

In conferring with counsel for Lower, all Defendants duly advised counsel for Lower that they all, in unison, consent to pursue this case in JAMS arbitration as Plaintiff's Complaint at footnote 2 states that all employment related claims will be litigated in arbitration. *See Complaint [Dkt.1] at FN 2*. The undersigned counsel even secured express authority from Kristen Mastrorilli and Ron Hankins, prior to them being served with process, consenting to arbitration. As evidenced above, the Employment Agreements of Ms. Mastrorilli and Mr. Hankins both contain JAMS arbitration clauses drafted by Lower, LLC. and goes so far as to reinforce those arbitration clauses by conspicuously attaching a free-standing Mutual Arbitration Agreement as Exhibit 1 to the contract reinforcing this right.

It is concerning that Lower, LLC is the only party to this lawsuit that wants to avoid honoring the Employment Agreements. The Employment Agreements have a clear and conspicuous Waiver of Jury Trial at pages 14-15 coupled with a Dispute Resolution and Arbitration Clause which in turn references the Mutual Arbitration Agreement calling for arbitration through JAMS. The Mutual Arbitration Agreements then reinforce the company's and employee's waiver of a jury trial and **"agree all legal disputes and claims between them shall be determined exclusively by final and binding arbitration. Claims subject to this Agreement include without limitation all claims pertaining to the Individual's employment or other relationship with Homeside."**[2] *See Exhibits A and B attached hereto at Exhibit 1.*

---

[2] Homeside Financial is a d/b/a of Lower, LLC.

The Mutual Arbitration Agreements signed by Mastrorilli, Hankins, and Lower only carve out of the arbitration agreement, claims for worker's compensation benefits, provisional remedies, motions to enforce this arbitration agreement, injunctive relief, and administrative proceedings with the EEOC or NLRB which are inapplicable here.  Plaintiff has not plead any injunctive relief against Mastrorilli or Hankins nor asked for any provisional remedy.  *See Complaint* [Dkt. 1] *at Count I.*

The allegations asserted by Lower, LLC against Ms. Mastrorilli, Mr. Hankins, and even Ms. Boyd allege that they "followed improper mortgage lending practices…" Complaint at page 3.  Lower further alleges that Ms. Mastrorilli and Mr. Hankins "disregarded that at least 13 customers did not meet Lower's loan eligibility" criteria.  Complaint at Paragraph 49.  Finally, Lower alleges that Ms. Mastrorilli and Mr. Hankins allegedly misrepresented that they "complied with Lower's established loan practices and guidelines…" Complaint at Paragraph 129a.  All of these allegations, although herein denied, fall squarely and arise out of or are related to these former employees' employment with Lower, LLC.  Footnote 2 to the Original Complaint states:

> ² As is more fully described herein, Mr. Ozment was employed by Lower pursuant to the terms and conditions of the "Branch Manager, VP Employment Agreement" executed by Mr. Ozment and Lower. With the exception of claims for injunctive relief, the Employment Agreement states that all claims that arise out of or are related to Mr. Ozment's employment shall be submitted to arbitration. Therefore, Lower's employment-related claims will be resolved through arbitration. Agreement ¶¶ 6, 7.
>
> PLAINTIFF'S ORIGINAL COMPLAINT                                                         PAGE 4
> 30086/749957

Lower, LLC should not be allowed to selectively litigate and piecemeal the litigation as it chooses and should be ordered to comply with its own Arbitration Agreement which it has forced all of its employees to sign and abide by.

Therefore, Kristen Mastrorilli and Ron Hankins join with Jason Ozment in requesting that this case be stayed, abated, or dismissed and that the claims asserted in this lawsuit all be referred to JAMS arbitration. AmCap has joined in Ozment's Motion to Compel Arbitration and consented to participate in the arbitration. Natalie Boyd has also agreed to arbitrate. This Court should not permit Lower, LLC to litigate on two fronts.

WHEREFORE, PREMISES CONSIDERED, Defendants Kristen Mastrorilli and Ron Hankins respectfully pray that this Court would stay this proceeding and refer all claims and causes of actions against the Defendants to JAMS arbitration in compliance with Lower, LLC's own Arbitration Agreement.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

*/s/ Gary L. Pate*
Gary L. Pate
Texas Bar No. 24029763
1001 McKinney, Suite 1500
Houston, Texas 77002
281-755-8331
gpate@mcglinchey.com
***Attorney-In-Charge for Defendant/
Counter-Plaintiff Amcap Mortgage, Ltd.
and Defendants Kristen Mastrorilli and
Ron Hankins***

OF COUNSEL:
Marilyn S. Cayce
Texas Bar No. 17705500
McGlinchey Stafford PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
713-335-2122
mcayce@mcglinchey.com

**CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule CV-7(i), I represent that (1) I have complied with the "meet and confer" requirement of Local Rule CV-7(h) by calling counsel for Lower, LLC, Sanna-Rae Taylor twice on the telephone (once on October 26 and once on October 27 to discuss AmCap's joinder and the consent of Kristen Mastrorilli and Ron Hankins to appear in JAMS Arbitration) and calling Julian Johnson who told me that he would have Sanna-Rae Taylor call me back. I discussed the Joinder with Mr. Johnson, but he said Sanna-Rae Taylor would have to decide. The issue of arbitration was also discussed in the 26(f) conference and Defendants all asked counsel for Lower whether Lower would agree to arbitration. Counsel for Lower said that they would check with their client, but to date they have not agreed to dismiss this case and pursue the claims in arbitration. All counsel for Defendants, Robert Blackwell and Daniel White, both stated that they are in agreement with the Joinder of AmCap and the later inclusion of Kristen Mastrorilli and Ron Hankins. Despite my three telephone calls with counsel for Lower, LLC no agreement can be reached as to arbitrating this matter despite the fact that Lower, LLC drafted the arbitration agreement and all Defendants concur with arbitrating the matter. This matter has resulted in an impasse, leaving an open issue for the Court to resolve.

3 January 2024

                                                  /s/ Gary L. Pate
                                                  Gary L. Pate

## CERTIFICATE OF SERVICE

   I hereby certify that on January 3, 2024, a true and correct copy of this instrument was served on all counsel of record via Email and/or Electronic Service:

Stephen D. Henninger
shenninger@fhmbk.com
John F. Roehm, III
jroehm@fhmbk.com
Fanning Harper Martinson Brandt & Kutchin
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231

Sanna-Rae Taylor
srtaylor@taftlaw.com
Julian P. Johnson
jjohnson@taftlaw.com
 Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

Robert Blackwell
Lindsey Reinhardt
bblackwell@bbhsllp.com
lreinhardt@bbhsllp.com
BLACKWELL, BLACKBURN, HERRING
& SINGER, LLP
7557 Rambler Road, Suite 1450
Dallas, Texas 75231

Daniel White
dwhite@wardwhitepllc.com
Ward + White PLLC
1111 W. Mockingbird Ln, Suite 1480
Dallas, Texas 75247

                */s/ Gary L. Pate*
                Gary L. Pate

24804424.1