IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOWER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00685 |
| | § | |
| AMCAP MORTGAGE, LTD. | § | |
| JASON OZMENT, RON HANKINS, | § | |
| NATALIE BOYD and KRISTIN | § | |
| MASTRORILLI | § | |
| | § | |
| Defendants. | § | |

## CORRECTED DEFENDANT JASON OZMENT'S EMERGENCY REQUEST FOR RULING ON MOTION TO COMPEL ARBITRATION

COMES NOW Defendant Jason Ozment ("Ozment") and respectfully files this Corrected Emergency Request for Ruling on his Motion to Compel Arbitration [Docket No. 29, filed October 16, 2023], and respectfully shows the Court as follows:

1. On July 27, 2023, Plaintiff Lower, LLC ("Plaintiff") filed the above-captioned lawsuit [Docket No. 1]. On October 5, 2023, Plaintiff submitted a Demand for Arbitration with JAMS and initiated an arbitration proceeding against Ozment. As shown on the chart attached hereto as **Exhibit "A"**, Plaintiff is asserting overlapping causes of action in this proceeding and the arbitration.

2. On October 16, 2023, Ozment filed his Motion to Compel Arbitration [Docket No. 29]. As of the time of filing of this Emergency Request, the Court has not ruled on Ozment's Motion to Compel Arbitration.

3. On October 27, 2023, Defendant AmCap Mortgage, Ltd. filed its Joinder to Ozment's Motion to Compel Arbitration and agreed to arbitrate all claims asserted against it in this lawsuit [Docket No. 32].

4. Plaintiff filed its Response to Ozment's Motion for Leave to File First Amended Answer on April 18, 2024 [Docket No. 66]. Plaintiff's Response to Ozment's Motion for Leave asserts that somehow Ozment is taking inconsistent positions by requesting that this Court compel arbitration while also seeking leave to assert two affirmative defenses. Plaintiff's Response demonstrates the need for the parties to obtain a ruling on Ozment's Motion to Compel Arbitration.

5. While the Motion to Compel Arbitration remains pending and Plaintiff continues to simultaneously pursue this proceeding and the arbitration, there are numerous unanswered questions pertaining to overlapping claims, discovery, depositions, and other procedural and substantive matters.

6. On January 24, 2024, the Arbitrator, Lisbeth Bulmash, entered the Order attached hereto as **Exhibit "B"**, acknowledging that the above-captioned lawsuit and pending arbitration involve "overlapping issues and parties."

7. On January 25, 2024, Defendants Kristin Mastrorilli, Ron Hankins, and Natalie Boyd filed their Request for Expedited Ruling on Ozment's Motion to Compel Arbitration [Docket No. 53], which attached a copy of Arbitrator Bulmash's January 24, 2024 Order. In sum, all Defendants have agreed to arbitrate.

8. On February 7, 2024, Arbitrator Bulmash entered the Order attached hereto as **Exhibit "C"**, stating "[i]n the interest of judicial efficiency and fairness" the Arbitrator will provide a thirty-day extension for the parties to submit a letter or application to JAMS for joining this Arbitration on or before March 7, 2024.

9. On March 7, 2024, Arbitrator Bulmash granted an additional thirty-day extension.

10. On April 9, 2024, Arbitrator Bulmash decided to schedule a status conference in the arbitration proceeding, and the status conference is set for May 3, 2024 at 2:00 p.m. wherein

Arbitrator Bulmash and the parties will likely need to address some of these issues resulting from two simultaneous proceedings with overlapping issues, causes of action, and parties. A copy of the Notice of Conference is attached hereto as **Exhibit "D"**.

11. For these reasons and in light of the upcoming deadlines included in Amended Scheduling Order [Docket No. 54], the fact that Plaintiff is now requesting deposition dates for witnesses who presumably will have to be deposed twice – once in this litigation and once in the arbitration proceeding and that several of the parties continue to engage in written discovery, Ozment respectfully reiterates his Motion to Compel Arbitration on an emergency basis for the sake of judicial economy, judicial efficiency, and to avoid potentially inconsistent holdings. Alternatively, due to approaching deadlines set forth in the Amended Scheduling Order, Ozment seeks a stay or abatement of this proceeding while Ozment's Motion to Compel is pending.

12. As an additional alternative, pursuant to Section 5 of the Arbitration Agreement, a copy of which is attached hereto as **Exhibit "E"** for the Court's convenience, the arbitrator may decide the arbitrability of the claims asserted by Plaintiff in this lawsuit and Ozment seeks an Order from the Court delegating such questions to Arbitrator Bulmash. Section 5 of the Arbitration Agreement states:

> ...[T]he arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that it is void or voidable. The parties waive the right to have a court determine the enforceability of this Agreement but may seek a court order delegating such questions to the arbitrator.

**Exhibit "E"**.

WHEREFORE, Ozment prays that the Court rule on Ozment's Motion to Compel Arbitration, abate this proceeding until a ruling is made on the Motion to Compel Arbitration, and/or delegate such questions to Arbitrator Bulmash pursuant to the Arbitration Agreement, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

**BLACKWELL, BLACKBURN, HERRING & SINGER, LLP**

*/s/ Robert Blackwell*
Robert Blackwell  *Lead Attorney*
Texas Bar No. 24001744
Lindsey Reinhardt
Texas Bar No. 24070485
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone:  (214) 442-9602
Facsimile:  (214) 442-9621
Email: bblackwell@bbhsllp.com
Email: lreinhardt@bbhsllp.com

**ATTORNEYS FOR JASON OZMENT**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendants AmCap Mortgage, Ltd., Ron Hankins, Natalie Boyd, and Kristin Mastrorilli's and they are in agreement with the relief sought herein. I also conferred with Plaintiff's counsel, who stated that Plaintiff is opposed to the relief being sought herein.

*/s/ Robert Blackwell*
Robert Blackwell

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2024, a true and correct copy of the foregoing instrument was served on all counsel of record via ECF service.

*/s/ Robert Blackwell*
Robert Blackwell